Rosendo Arean Moreno, Etc., Appellant, v. Registrar of Property of San Juan, Etc., Respondent.

No. 928. Submitted July 2, 1934.—Decided July 23, 1934.

*M. Rivera de la Vega* for appellant.    The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

In April 1918, a registrar of property recorded a deed of conveyance and mentioned the existence of a *censo* referred to in the instrument.   In May 1934, a part owner of the property requested the cancellation of the mention and the registrar refused to comply with this request, on the ground that the statutory period of twenty years from the date of the mention had not elapsed.

Section 1 of a law enacted in 1923 (Session laws, 36) provide that: "On written application of a party or of the representative of such party, authenticated before a notary, the Registrars of Property shall proceed to cancel in the respective register:

"(*a*) Mentions of mortgages, annuities (*censos*), and of other rights covering the payment of money or deferred payment of the price of purchase and sale of real property, whether recorded in the old or modern books of the registry, where more than twenty (20) years have elapsed since the entry of the respective mentions, when the interested party does not request the entry of the right mentioned, within one year after the date on which this Act takes effect, or when such party, within said term, brings suit claiming his rights, and enters them in the registry."

In 1924, (Sessions Laws, 108), this sub-division *a* was amended to read as follows:

"(*a*) Mentions of mortgages or of deferred payments of the price of purchase and sale of real property, whether recorded in the old or new books of the registry, where more than twenty years have elapsed since the respective mention was made and when the interested party has not requested the entry of the mentioned right

within the term of one year from August 29, 1923, or has not brought suit to claim his right and entered such suit in the registry. Mentions of annuities (*censos*) shall not be cancelled in the old or new books of the registry when the interested party requests a transfer of the entry or mention of the right mentioned to the modern books of the registry within a term of two years counting from the day on which this Act takes effect, or within said term brings suit claiming his right and enters said suit in the registry; *Provided, further,* that on written request of a party or his representative, authenticated before a notary, said registrars of property shall also cancel in the respective registers such other mentions of rights for the payment of money as do not refer to the deferred payment of the purchase and sale of real property, provided no term is fixed or no indication is made in the title causing the mention that a lien is constituted on said real property, if over five years have elapsed."

It may be conceded that, as the registrar contends, the primary purpose of the amendment was to grant an extension of time within which record entries in the old books could be transferred to the new, or notice of *lis pendens* could be given as a measure necessary to prevent cancellation. It does not follow, as the registrar assumes, that, in the absence of any such transfer or notice of *lis pendens,* no cancellation can be effected until after the lapse of twenty years from the date of the mention, as was the case under the law of 1923. No extension of time was granted in the case of mortgages or in the case of vendors' liens. It may be that the Legislature deemed the extension of time granted in the case of *censos* only to be sufficient compensation for the loss of the twenty-year period. In any event, the question as to whether the law should be further amended is a question for the Legislature, not for the courts.

Paragraph *a* as amended in 1924, construed in connection with the preceding introductory clause, which was not amended, does not expressly authorize the cancellation of mentions of *censos,* either after twenty years from the date of such mentions or otherwise. (In making this statement we put out of view the proviso which may or may not be con-

strued to include mentions of *censos*.) The omission of the words "annuities *(censos)*" in amending the first sentence of paragraph *a* is significant. Instead of expunging the words "annuities *(censos)*", the Legislature might have inserted the words "except as hereinafter provided," thus amending the law so as to read "mentions of mortgages, annuities *(censos)* except as hereinafter provided" etc. This it did not do at the time of the amendment. During the decade that has elapsed since that time it has not attempted any further amendment. The courts cannot now restore the deleted words by judicial legislation in the guise of statutory construction. Under the law as amended the twenty-year period applies only where "mention of mortgages or of deferred payments of the price of purchase and sale of real property" are involved.

The only question discussed in the briefs is the question as to when the cancellation may be made. The registrar, in basing his ruling on the ground that twenty years had not elapsed from the date of the mention, conceded by implication that the cancellation could be made after the expiration of that period. We have already pointed out, however, that the law as amended does not expressly authorize the cancellation of mentions of *censos,* unless such authorization is to be found in the proviso. Whether an implied authorization may be found in the clause immediately preceding the proviso is a debatable question. It may be said with some degree of plausibility that to adopt the theory of such an authorization savors of judicial legislation. On the other hand, the Legislature must be deemed to have done a vain and idle thing in forbidding the cancellation of mentions of *censos* in case of transfer from the old books to the new books or in case of a constructive notice of *lis pendens,* unless it intended that in the absence of such transfer or of such notice within the specified period, a cancellation should be made. Hence we conclude that the Legislature by forbidding the cancellation

of mentions of *censos,* in case the interested party should take certain steps within a specified time, meant that if the interested party did not take those steps within that time the mentions would become subject to cancellation.

The ruling appealed from must be reversed.